

**U.S. Department of Justice**

Tax Division

*Northern Criminal Enforcement Section*
P O Box 972, Ben Franklin Station          (202) 514-5150
Washington, D C  20044                     FAX (202) 514-8455

January 24, 2008

**VIA FAX**

John J McDermott, Esq.
Suite 400
4300 Wilson Boulevard
Arlington, Va. 22203

Paul Knight
O'Connor & Hannan
Suite 500
1666 K Street, NW
Washington, DC 20006-2803

FILED

MAR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Cr. 08-405*

*let this be filed.*

*Rope C. Lamberth*
*U.S.D.J.  3/10/08*

        Re:    Stephen B. Cohen

Dear Counsel:

        This letter sets forth the full and complete plea offer ("the Offer") to your client, Stephen B. Cohen.  Unless otherwise indicated, references herein to Mr. Cohen's tax liabilities and responsibilities include the liabilities and responsibilities of (1) WPG, Inc. ("WPG"); (2) C&R Calvert, Inc. ("C&R"); and (3) Western Market, Inc. ("Western Market").  Mr. Cohen agrees that he is the responsible party for these three entities.

        This Offer is by the Tax Division of the U.S. Department of Justice.  This agreement does not bind any federal, state, or local prosecuting authority other than the Tax Division of the U.S. Department of Justice and the U.S. Attorney's Office for the District of Columbia (collectively, "this Office").  Moreover, this Offer does not prohibit this Office or any agency thereof from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving Mr. Cohen, including, but not limited to, proceedings by the Internal Revenue Service or the D.C. Office of Tax and Revenue.  The terms of the Offer are as follows:

    1.    **Charges:**

        Pursuant to Fed. R. Crim. P. 11(c)(1)(A), Mr. Cohen agrees to waive his right to a trial and plead guilty to an Information charging him with one violation of 26 U.S.C. § 7202, Willful Failure to Collect or Pay Over Tax, and one violation of D.C. Code § 47-4102, Failure to Collect or Pay Over Tax.  It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged (attached and incorporated as Attachment A), contingent upon the terms of this plea agreement, and will be entered in accordance with Rule 11 of the Federal Rules of Criminal

- 2 -

Procedure.

2.    **Penalties and assessments:**

*Federal Charge:* The Information charges the defendant with Willfully Failing to Collect or Pay Over a Tax Due in violation of 26 U.S.C. §7202 for the third quarter of 2002, which carries a maximum sentence of five years' imprisonment; a maximum fine, pursuant to 18 U.S.C. §3571 of the greatest of (1) $250,000, (2) twice the pecuniary gain derived from the offense, or (3) twice the gross pecuniary loss to the United States; a $100 special assessment; supervised release of up to three years; and the costs of prosecution. The Court may also impose an order of restitution, pursuant to 18 U.S.C. § 3663(a)(3). Any term of supervised release would begin at the expiration of any term of imprisonment imposed. Should Mr. Cohen be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mr. Cohen may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

*D.C. Charge:* The Information charges the defendant with Failing to Collect or Pay Over a Tax Due in violation of D.C. Code § 47-4102 for April 2003, which carries a maximum sentence of 180 days imprisonment, a maximum fine of $5,000, and the costs of prosecution. The Court may impose an order of restitution.

3.    **Agreement:**

The parties stipulate to the facts as set forth in Attachment A.

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the parties agree to the following United States Sentencing Guidelines applications and calculations regarding the 26 U.S.C. § 7202 charge:

a.    The United States Sentencing Guidelines effective November 1, 2007 apply in this case to the federal conduct. The applicable guideline is set forth at U.S.S.G. § 2T1.6.

b.    The total tax harm caused by the defendant's failure to pay over employment taxes is $488,309 which consists of $175,323 of tax loss from employment taxes owed by WPG, $100,195 of tax loss from employment taxes owed by C&R Calvert, and $212,792 of tax loss from employment taxes owed by Western Market. The total tax harm corresponds to an offense level of 20 (U.S.S.G. § 2T4.1(H)).

c.    As President of WPG, C&R, and Western Market, Stephen Cohen admits that he was the person responsible for paying over the employment taxes.

3111178 1

    d.    As of the date of this letter, Stephen Cohen has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mr. Cohen's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

    e.    As of the date of this letter, Mr. Cohen has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Mr. Cohen enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Mr. Cohen's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, the parties agree that he will qualify for a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

Regarding the violation of D.C. Code § 47-4102, the parties stipulate that the total tax loss caused by Mr. Cohen's failure to pay over sales taxes to the District of Columbia for WPG and C&R from March 1995 through April 2003 is $98,275.

The District of Columbia Sentencing Guidelines do not apply to misdemeanor offenses. The government will not take a position on whether a sentence imposed for violation of D.C. Code § 47-4102 should run concurrently or consecutively to any sentence imposed for violation of the federal tax crime as set forth above.

The parties further agree that the Court shall sentence Mr. Cohen after consideration of the factors contained in 18 U.S.C. §3553(a), and the court is obligated to calculate and consider, but is not bound by, the United States Sentencing Guidelines (2007).

It is understood that, prior to the date of sentencing, Mr. Cohen shall (1) file accurate individual and corporate federal income tax returns and corporate employment tax returns for the tax years 2003, 2004, 2005, and 2006; (2) pay past taxes due and owing to the Internal Revenue Service ("IRS") by him, WPG, C&R, and Western Market for the calendar years 1995 through 2006, including any applicable penalties and interest on such terms and conditions as will be agreed upon between Mr. Cohen and the IRS, or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; (3) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; and (4) fully cooperated with the Internal Revenue Service and comply with the tax laws of the United States. Furthermore, Mr. Cohen agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Mr. Cohen. With respect to disclosure of the criminal file to the Internal Revenue Service, Mr. Cohen waives any rights under 26 U.S.C. § 7213 and Federal Rule of Criminal Procedure 6(e), and any other right of privacy with respect to Mr. Cohen's tax returns and return

- 4 -

information.  Finally, Mr. Cohen agrees to pay the special assessment of $100 within ten (10) days of sentencing by cashier's check or certified check made payable to Clerk, United States District Court for the District of Columbia.

It is also understood that, prior to the date of sentencing, Mr. Cohen shall cooperate with the D.C. Office of Tax and Revenue in complying with all of his outstanding tax obligations to the District of Columbia.  In particular, he shall file accurate D.C. individual income tax returns (Forms D-40) for the tax years 2003 through 2006 and pay all tax liabilities, including interest and penalties for those years and prior years on such terms and conditions as will be agreed upon between Mr. Cohen and the D.C. Office of Tax and Revenue.  Furthermore, he shall make a good-faith effort to file accurate monthly sales tax returns and pay all tax liabilities for C&R Calvert for the months of January 2003 through August 2003.

In consideration of his plea to the above offense, Mr. Cohen will not be further prosecuted criminally by this Office for any crimes relating to Mr. Cohen's failure to pay over payroll taxes regarding the above-referenced entities, failure to timely file individual income tax returns for 1995 through 2006, failure to pay sales taxes on behalf of the above-referenced entities, or evasion of income taxes for 1995 through 2006.  This agreement does not provide any protection against prosecution except as set forth above.

4.    **Waiver of Rights:**

Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn.  Mr. Cohen expressly warrants that he has discussed these rules with his counsel and understands them.  Mr. Cohen voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.  Mr. Cohen understands and agrees that any statements that he makes in the course of its guilty plea or in connection with this plea agreement are admissible against Mr. Cohen for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

Mr. Cohen waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (1) Mr. Cohen's conviction is later vacated for any reason or (2) Mr. Cohen violates this agreement.  Mr. Cohen agrees that with respect to all charges referred to in the indictment, he is not a "prevailing party" withing the meaning of the "Hyde Amendments," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.  Mr. Cohen further agrees not to file any claims under that law or claims of any other type against the Department of Justice, or any components of the Department, including the U.S. Attorney's Office, or against the Treasury Department or any components of the department, including the Internal Revenue Service, or against any personnel of those departments and component offices or agencies, based on the conduct during the investigation and prosecution of this case.

Mr. Cohen agrees that venue and jurisdiction in the U.S. District Court for the District of Columbia are proper for all purposes of effecting this plea of guilty and sentencing. He understands

3111178.1

- 5 -

that any objection to venue and jurisdiction is waived upon tendering a plea of guilty in this matter.

Mr. Cohen hereby acknowledges that he is accepting this plea agreement and deciding to plead guilty because he is in fact guilty. By entering this plea of guilty, Mr. Cohen waives any and all right to withdraw his plea or to attack his conviction, either on appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and impeachment material pursuant to Giglio v. United States, 405 U.S. 150, (1972) that has not already been produced as of the date of the signing of this agreement.

5.    **Restitution**:

Pursuant to 18 U.S.C. § 3663(a)(3), Mr. Cohen agrees to make full restitution for all losses resulting from the offenses of conviction, and the offenses as described in Attachment A, in the amount of $488,309 to the Internal Revenue Service and $98,275 to the D.C. Office of Tax and Revenue. Furthermore, Mr. Cohen agrees that, in return for the government's compliance under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which the defendant is pleading guilty and may include losses arising from all relevant conduct in connection with those charges. Mr. Cohen further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Mr. Cohen agrees that the tax loss calculations in this Offer apply only to the criminal proceedings, and are not binding in civil or administrative proceedings.

6.    **Court is Not Bound**:

Mr. Cohen understands that the Sentencing Guidelines are advisory, and the Court must consider the guidelines in conjunction with the factors set forth in 18 U.S.C. § 3553. Mr. Cohen understands that no promises or understandings exist between this Office and Cohen with respect to the application of those Guidelines to this case.

It is understood that the sentence to be imposed upon Mr. Cohen is determined solely by the Court, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742. This Office cannot, and does not, make any promises or representations as to what sentence Mr. Cohen will receive. Moreover, it is understood that Mr. Cohen will have no right to withdraw his plea of guilty based upon the sentence imposed by the Court.

7.    **Breach of Agreement**:

Mr. Cohen agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence (for example, should Mr. Cohen commit any conduct after the date of this agreement – examples of which include but are not limited to, obstruction of justice and false statements to law

- 6 -

enforcement agents, the probation office or the Court – the government is free under this agreement to seek an increase in sentencing based on that post-agreement conduct); b) Mr. Cohen will not have the right to withdraw the guilty plea; c) Mr. Cohen shall be fully subject to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and d) the United States will be free to use against Mr. Cohen, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by it pursuant to this agreement.

In the event of such breach, any such prosecutions of Mr. Cohen not time-barred by the applicable statute of limitations as extended by the executed waivers, on the date of the signing of this agreement may be commenced against him in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations in the interval between now and the commencement of such prosecutions.  Mr. Cohen knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

8.    **Complete Agreement:**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Cohen, the Department of Justice, Tax Division, and the United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Cohen may indicate his assent by signing the agreement in the space indicated below and returning the original to the U.S. Department of Justice Tax Division (attn: Jerrod Patterson) once it has been signed by Mr. Cohen and his counsel.

Date: 3/10/2008

SHAWN NOUD
JERROD PATTERSON

TRIAL ATTORNEYS
U.S. Department of Justice
Tax Division, Criminal Enforcement Section
601 D Street, N.W.
Washington, D.C.  20530

3111178 1

- 7 -

Date: _Mr. 7, 2008_

_[signature]_

STEPHEN B. COHEN
DEFENDANT

On behalf of Mr. Cohen, I have read this plea agreement and have discussed it with him. Mr. Cohen does this voluntarily of his own free will, intending to be legally bound. No threats have been made to Mr. Cohen and he is pleading guilty because Mr. Cohen is in fact guilty of the offenses identified in paragraph one.


Date: _3/7/08_

_[signature]_

JOHN MCDERMOTT, ESQ.


Date: _3/7/08_

_[signature]_

PAUL KNIGHT, ESQ.

3111178.1

- 8 -

<u>Attachment A to Plea Agreement with Stephen Cohen</u>

<u>Stipulation of Facts</u>

Stephen B. Cohen currently resides at 3032 R St., NW in the District of Columbia. Cohen has been the owner and operator of several local business, including three relevant to the Plea Agreement: (1) WPG, Inc. ("WPG"); (2) C&R Calvert, Inc.; and (3) Western Market, Inc.

Beginning in approximately November 1994, Cohen was the sole owner, operator, and President of WPG. WPG, which filed for bankruptcy in or around October 1999, owned Washington Park Gourmet, a gourmet delicatessen and grocery store previously located at 2331 Calvert St., NW, Washington, D.C. During this period Cohen was responsible for collecting and paying over the payroll taxes owed by WPG to the Internal Revenue Service ("IRS"). From approximately June 1997 through September 2000, WPG incurred payroll tax liabilities totaling $187,255.24. During this period Cohen paid $11,933 of the tax liability, but willfully failed to pay over the remaining tax due of $175,323.

Approximately one year prior to filing a bankruptcy petition for WPG, Cohen formed a new corporation, C&R Calvert, Inc. ("C&R"). Assets from WPG were transferred to C&R Calvert, which then continued operating the Washington Park Gourmet grocery store. As with WPG, Cohen was the sole owner, operator, and President of C&R, and he was responsible for collecting and paying over the payroll taxes owed by C&R to the IRS. From approximately June 2001 through December 2003, C&R incurred tax liabilities totaling $159,267. During this period Cohen made payroll tax payments of $59,072, but willfully failed to pay over the remaining tax due of $100,195.

From approximately November 1988 until the present, Cohen has been the majority owner, operator, and sole President of Western Market, Inc. ("Western Market"), a company that owns Western Market, a grocery store located at 4840 Western Avenue, Bethesda, Maryland. During this period Cohen was responsible for collecting and paying over the payroll taxes owed by Western Market to the IRS. Beginning in approximately 1992 and continuing to the present, Western Market incurred payroll tax liabilities totaling $339,942. During this period, Cohen made payments of $127,149.60, but willfully failed to pay over the remaining tax due of $212,792.21.

As sole shareholder and responsible party for WPG and C&R, Cohen was also responsible for collecting and paying over sales taxes levied on purchases by Washington Park Gourmet's customers. Based on the store's location in the District of Columbia, the owner of Washington Park Gourmet was obligated to pay sales taxes to the D.C. Government. From approximately November 1994 to May 2000, Cohen willfully failed to collect and pay over $92,946 in sales taxes due on behalf of WPG to the D.C. Government. From May 2000 to August 2003, Cohen failed to collect and pay over at least $5,329 in sales taxes due on behalf of C&R to the D.C. Government.

At all times, Cohen was aware of his duty to collect, account for, and pay over payroll taxes, yet he knowingly and intentionally failed to pay over the taxes due.

In addition, Cohen failed to timely file his federal individual income tax returns for tax years

3111178 1

- 9 -

1995, 1996, 1997, 1998, 1999, 2000, 2001, and 2002. As of January 3, 2008, he has not filed his tax returns for 2003, 2004, 2005, and 2006. Moreover, as a resident of the District of Columbia, Cohen was required by law to file an annual D.C. Income Tax Return. To date, Cohen has failed to file a D.C. Income Tax Return for tax years 2003, 2004, 2005, and 2006.

Altogether, Cohen failed to pay over a total of $488,309 in payroll taxes to the IRS from his three companies. Cohen also failed to pay over a total of $98,275 in sales taxes to the D.C. Government.